# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30142

ROBERT KING WILKERSON; ALBERT WOODFOX,

Plaintiffs – Appellees,

v.

JAMES M. LEBLANC, SECRETARY, DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, in his official capacity; JERRY GOODWIN, Warden, David Wade Correctional Center, in his official and individual capacity; LONNIE NAIL, Lieutenant Colonel David Wade Correctional Center, in his official and individual capacities,

Defendants – Appellants.

United States Court of Appeals
Fifth Circuit

**FILED**

December 18, 2014

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Middle District of Louisiana
U.S.D.C.  No. 3:00-CV-304

Before STEWART, Chief Judge, and JONES and HIGGINSON, Circuit Judges.

PER CURIAM:*

This action arises from a district court's interlocutory order granting as-applied injunctive relief to Plaintiff-Appellee, Albert Woodfox (Woodfox), exempting him from routine strip searches conducted whenever he leaves or

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30142

reenters his cell.  Because a Louisiana state court retained jurisdiction over this matter, we REVERSE the district court's grant of the preliminary injunction and REMAND to the district court with instructions to dismiss Woodfox's motions for injunctive relief.

## I.    Factual and Procedural History

In 1978, Woodfox sought a preliminary injunction from the Nineteenth Judicial District Court of Louisiana, a Louisiana state court, requesting injunctive relief from invasive strip searches that he, and other similarly situated plaintiffs, argued were violative of their Fourth Amendment rights. That suit was resolved by a consent agreement (Consent Decree), which prevented Defendants-Appellants from conducting strip searches under certain circumstances.  The Consent Decree was entered as a final judgment and specifically listed the policies and circumstances by which strip searches could be conducted upon all similarly situated inmates, including Woodfox.[1] Section IV of the decree stated: "The jurisdiction of this cause is to be retained by the court for the purpose of making such other and further orders as may become necessary."  The state court concluded that because the Consent Decree resolved the matters involved in litigation, it obviated the need for a full trial on the merits of the permanent injunction.  The district court entered a final judgment adopting the Consent Decree as the judgment.

In 2000, Woodfox, and two other inmates, filed a lawsuit (the Due Process Lawsuit), claiming that the Louisiana Department of Public Safety and Corrections had held the three plaintiffs in extended lockdown or solitary confinement.[2]  Woodfox has been a prisoner at David Wade Correction Center (Wade) since November 1, 2010, and is housed in the Closed Cell Restriction unit, a maximum security cell block.  Woodfox is strip searched daily, each time

---

[1] Woodfox was a named plaintiff in the Consent Decree.

[2] Woodfox is the only plaintiff in the underlying litigation still in the custody of the Department of Public Safety.  *See Woodfox v. Cain*, No. 13-30266, 2014 WL 6600415 (5th Cir. Nov. 20, 2014).

he leaves and reenters his cell. During these strip searches, inmates must strip naked, bend at the waist, lift his genitals, and spread his buttocks so that officers may inspect his anus. When bending over, the inmate is required to manually spread himself so that the officer has an unrestricted view of his anus. These strip searches occur sometimes up to six times per day.

In 2013, Woodfox sought a temporary restraining order to prevent Appellants from conducting the same strip searches. Woodfox argued that the searches violated the 1978 Consent Decree and violated his constitutional right to be free from unreasonable searches under the Fourth Amendment. The district court denied the TRO and set a date for the preliminary injunction hearing.[3] Additionally, given Woodfox's reliance upon the Consent Decree, the district court requested supplemental briefing on whether it should assert subject matter jurisdiction over any claim for injunctive relief. A hearing date was set to consider the district court's jurisdiction and the merits of a preliminary injunction.

Woodfox filed a supplemental brief on jurisdiction, arguing that the district court had both original and pendent jurisdiction over this matter. The Appellants filed a motion to dismiss pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, asserting several theories about why the district court lacked jurisdiction and why the preliminary injunction should be dismissed on the merits. On the date set to hear arguments, and upon the district court's observation that Woodfox had not requested a preliminary injunction, the district court declined to decide the merits of the preliminary injunction until Woodfox submitted a proper motion but decided it would rule on the jurisdictional issues based upon the motions already submitted. Woodfox subsequently filed a motion for preliminary injunction. In response,

---

[3] However, unbeknownst to the district court, Woodfox had not sought a preliminary injunction in his motion for a TRO.

No. 14-30142

Appellants submitted a supplemental motion to dismiss. The motion to dismiss was denied, and the district court subsequently entered a ruling granting the preliminary injunction on January 31, 2014. The district court granted preliminary injunctive relief and exempted Woodfox from the routine strip searches.[4] This timely appeal followed.

## II. Standard of Review

"All issues of subject matter jurisdiction are questions of law that this court reviews *de novo.*" *Camsoft Data Sys., Inc. v. S. Elecs. Supply, Inc.*, 756 F.3d 327, 333 (5th Cir. 2014). Any underlying findings of fact are subject to review for clear error. *Young v. United States*, 727 F.3d 444, 446 (5th Cir. 2013).

## III. Discussion

Consent decrees often operate to terminate litigation. *See Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 529 (5th Cir. 2008) (holding that a consent decree resolved the claims alleged); *see also Anderson ex rel. Anderson v. Canton Mun. Separate Sch. Dist.*, 232 F.3d 450, 454 (5th Cir. 2000) (same). But, occasionally, disputes arise between the parties to a consent decree that concern matters ostensibly resolved by the decree itself or that touch on matters directly related to the decree. *See Haspel & Davis Milling & Planting Co. Ltd. v. Bd. of Levee Comm'rs of the Orleans Levee Dist.*, 493 F.3d 570, 576–77 (5th Cir. 2007).

In *Haspel*, a group of landowners originally filed suit against the Levee Board in state court, which resulted in a settlement agreement approved by the court through a consent decree. *Id.* at 573. Several years later, the landowners filed suit in federal court, arguing that the Levee Board's failure to pay the amount set by the consent decree was an unconstitutional taking. *Id.* The federal court held that by entering into the consent decree, the

---

[4] The district court granted an as-applied exemption from the strip searches to Woodfox.

landowners had compromised their takings claim, and their only recourse was to enforce their rights under that consent decree. *Id.* at 576–77. The court reasoned that its holding was required by the terms of the consent decree because the agreement explicitly "settle[d] all claims." *Id.* at 576. The language of the consent decree specifically stated that the state court was to retain jurisdiction over the matter "'[f]or the purpose of effectuating, enforcing and implementing' its judgment." *Id.* In sum, this court held that the "only legal recourse [was] to enforce [the landowners'] rights under the . . . Consent Judgment." *Id.*

In the instant case, Woodfox's claim is identical to the claim that he asserted in the 1978 state lawsuit. Woodfox argues—and argued in 1978— that the routine strip searches conducted by prison officials while he is being held in the CCR unit constitute an unreasonable search and seizure in violation of the Fourth Amendment. That state court lawsuit was resolved through a consent decree, which, with the agreement of parties, served as the final judgment of the court. The parties agreed that the consent agreement resolved all matters involved in the litigation, including Woodfox's Fourth Amendment claim. Further, the parties contemplated, and explicitly provided, that the state court would retain jurisdiction to enforce the consent agreement. Like the plaintiffs in *Haspel*, Woodfox has compromised this specific Fourth Amendment claim, and his only legal recourse is to enforce his rights under the previous consent agreement and state court judgment. *See id.* at 577.

We REVERSE the grant of the preliminary injunction and REMAND with instructions to DISMISS the motions for injunctive relief filed by Woodfox.